**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RICHARD MARTIN | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-16-1609 |
| TERRENCE J. MCGANN | * | |
| Defendant | * | |

\*\*\*

### MEMORANDUM

Richard Martin ("Martin"), a resident of Boston, Massachusetts, filed a personal injury action against the Montgomery County, Maryland Judge Terrence J. McGann, alleging the Judge defamed him with remarks made during Martin's August 3, 2009 sentencing.  Martin, who is self-represented, filed this Complaint on May 24, 2016.  ECF No. 1.  He will be granted leave to proceed in forma pauperis because the financial affidavit accompanying his Complaint indicates that he has no source of income.  ECF No. 2.  His motion to file electronically (ECF No. 3) shall be denied.

### Background

This lawsuit represents the sixth action brought by Martin against those involved in his criminal case.[1]  As a result of a criminal investigation and indictment, Martin pleaded guilty in Montgomery County Circuit Court to harassment and fourth-degree burglary, for which he was

---

[1] *See Martin v. Walsh,* Civil Action No. GJH-15-2302 (D. Md.); *Martin v. The State's Attorney's Office of Montgomery Co., et al.,* Civil Action No. PWG-15-2429 (D. Md.); *Martin v. Baltimore City Police,* Civil Action No. GJH-15-2430 (D. Md.); *Martin v. Montgomery Co. Dept. of Police, et al.,* Civil Action No. GJH-15-2431; and *Martin v. Maryland Courts, et al.,* Civil Action No. GJH-15-2432 (D. Md.).  Each case was summarily dismissed on initial review.

sentenced to six months of incarceration.[2]   He seeks $10 million in damages and Judge McGann's removal from the bench.  *Id.* at 11.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee.   To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).   In this context, this Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true.   *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).   Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").   In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .   It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).   Thus, this Court is obligated to examine both the tort claims outlined in the Complaint, and also examine whether the Complaint is sufficient to state a civil rights violation under 42 U.S.C. § 1983.

---

[2] Martin was released after four months of incarceration; his probation ended in 2014.  *See* Civil Action No. PWG-15-2429, ECF No. 1 at 7.  The case is not listed on Maryland's electronic docket.  Exhibits provided with the Complaint in Civil Action No. PWG-15-2429 suggest the case of *State of Maryland v. Richard Martin*,  Case No. 112136, prosecuted in the Circuit Court for Montgomery County, Maryland, arose when a local dentist, Kim Hoa Lam, complained that Martin was stalking her. *Id.,* ECF No. 1-15 and Indictment, ECF No. 1-14.

Liberal construction of Martin's Complaint, however, does not save it from early dismissal. The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), quoting *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id*. at 356-57. Clearly the adjudication of the criminal indictment against Martin, which resulted in a guilty plea, is judicial conduct. Thus, Martin's claims cannot proceed under § 1983.

Further, Martin's tort claim is time-barred. Maryland's one-year statute of limitations for defamation is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-105.

3

At the latest, Martin's claims against the judge would have been manifested at the time of sentencing, which occurred on August 3, 2009.  ECF No. 1, p. 2.  Martin's request for equitable tolling (ECF No. 1, p. 2), based upon his alleged Post Traumatic Stress Disorder caused by his arrest and a 2005 assault that caused a head injury, is unavailing, given that  Martin filed cases involving this incident throughout the past year, including a previous case against Judge McGann.[3]  Because Martin did not file the instant lawsuit before the limitations period expired, it is time-barred and cannot proceed.

Title 28 U.S.C. §1915(e)(2) obligates federal courts to dismiss cases  at *any time* if the action is legally frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   For the reasons stated, the case is subject to dismissal.  Martin's request to file electronic pleadings (ECF No. 3) shall be denied as moot.  A separate Order follows.


_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

May 26, 2016

---

[3] *See Martin v. Maryland Courts, et al.,* Civil Action No. GJH-15-2432 (D. Md.).